UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FREDERICK WAYNE YOUNG, SR.,

      Plaintiff,

v.                                  Case No. 18-cv-967-pp

CAPT HUTCHINS, SGT WILLIAMS,
OFFICER GRASHEN, and
HOUSE OF CORRECTIONS,

      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT (DKT. NO. 1)**

---

      Plaintiff Frederick Wayne Young, Sr. filed a complaint under 42 U.S.C. §1983, alleging that while he was detained in segregation at the Milwaukee County House of Corrections pending an investigation, the defendants violated his constitutional rights by not allowing him to participate in Ramadan and not timely providing him with his blood pressure medication. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

      The case is assigned to Magistrate Judge William E. Duffin; however, because the defendants have not been served, and thus have not had the opportunity to consent to Judge Duffin's authority to decide the case, the clerk's office referred the case to this court for screening.

1

**I.      Motion to Proceed without Prepayment of the Filing Fee**

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee if they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee.

In support of his motion to proceed without prepayment of the filing fee, the plaintiff filed his trust account statement for the six-month period immediately preceding the filing of his complaint. Judge Duffin found that the plaintiff had neither assets nor the means to pay the initial partial filing fee, and he issued an order waiving the fee. Dkt. No. 5. This court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The plaintiff, however, must pay the filing fee as he is able.

**II.     Screening of the Complaint**

   A.     <u>Federal Pleading Standard</u>

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds their complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

A. Factual Allegations

The plaintiff alleges that on May 17, 2018, during bunk-up at around 9:30 p.m., he was taken to segregation for investigation of a crime that he did not commit and didn't know about. Dkt. No. 1 at 2. He says that from May 17, 2018 through May 21, 2018, he was denied his rights. Id. at 3.

The plaintiff says that he was prohibited from participating in Ramadan, a part of his Muslim faith. Id. Specifically, he alleges that he was first informed by Officer S. Bent (not a defendant) that he was taken off the Ramadan list by

3

Capt. Hutchins because "inmates in cellblock cannot participate in Ramadan because it [is] a privilege." Id. He says that Bent told him that Hutchins had left a note at the front desk of the cellblock, confirming that the plaintiff could not participate in Ramadan. Id.

On May 20, 2018, Sgt. Williams twice told the plaintiff that he should eat something because Williams did not know when the plaintiff would be able to eat due to Hutchins' order. Id.

At some point, Officer Grashen told the plaintiff that Ramadan wasn't just about fasting, that it was also about "refraining from foul language and bad behavior." Id. The plaintiff agreed, and said that charity was also important. Id. Grashen then told the plaintiff that Grashen's superior said that "anyone in the cellblock must have done something wrong (bad) to have been put in segregation and that segregated inmates cannot participate in Ramadan per Capt. Hutchins." Id. at 3-4. The plaintiff says this can't be true, because he was in segregation but he didn't do anything bad or wrong; he says he couldn't have, or they wouldn't have put him back in the kitchen once he got out of segregation. Id. at 4. The plaintiff also emphasizes that he didn't get a violation upon being released from segregation. Id.

On June 15, 2018, the plaintiff spoke with Hutchins at the Ramadan feast outside the yoga room. Id. Hutchins congratulated the plaintiff for earning his GED. Id. The plaintiff asked Hutchins why he'd been sent to segregation; Hutchins just said, "a pending investigation." Id. When the plaintiff asked Hutchins why Hutchins had issued orders that the plaintiff couldn't participate in Ramadan, Hutchins said that "when he got the grievance he immediately called down to the cellblock to change it so that inmates can have the cellblock

4

officer hold their bag lunch until it was time to break their fast." Id. The plaintiff concedes that some of what Hutchins said was true because after his release from segregation he and another inmate were able to pass out Ramadan food to inmates in the cellblock. Id. But the plaintiff says this doesn't justify his stay in segregation. Id. at 4-5.

The plaintiff also says that Hutchins "never had a response" about his "intake on [his] medication and why [his] meds were not provided at the right time." Id. at 5. He states that his inability to take his medication and his fasting caused him to be light-headed and weak, caused him to vomit, made his legs and toes numb at times, made him hot from the neck up, made his nerves bad and caused his eyes to run constantly. Id. He alleges that being falsely put in segregation made him experience sweaty and paranoid sleepless nights "because of [him] not being able to eat or take [his] blood pressure medication." Id. He says that being denied the right to participate in Ramadan violated his First Amendment rights. Id.

The plaintiff has asked for $100,000 and to have Capt. Hutchins removed or demoted. Id. at 6.

    B.    The Court's Analysis

        1.    *Milwaukee County House of Corrections*

Before addressing the plaintiff's substantive claims, the court notes that the plaintiff has sued the Milwaukee County House of Corrections as a defendant. The House of Corrections cannot be sued under §1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Milwaukee County House of Corrections is not a person—it is, as the Seventh Circuit has noted, a building, and the fact that it

is owned by a government agency doesn't make it a suable person under §1983. White v. Knight, 710 F. App'x 260, 262 (7th Cir. 2018) (citing Guidry v. Jefferson Cty. Det. Ctr., 868 F. Supp. 189, 191 (E.D. Tex. 1994)). See also, Powell v. Cook Cty. Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993). The court will dismiss the House of Corrections as a defendant.

2. *First Amendment Free Exercise Claim*

Turning to his substantive claims, the plaintiff first seems to be alleging a First Amendment free exercise claim against Hutchins, Williams and Grashen. To state a First Amendment free exercise claim, the plaintiff must establish that his right to practice his religion was burdened in a significant way. See Hernandez v. Comm'n of Internal Revenue, 490 U.S. 680, 699 (1989) (plaintiff must show a "substantial burden" on a "central religious belief or practice" to prevail under the Free Exercise Clause); see also Civil Liberties for Urban Believers v. City of Chi., 342 F.3d 752, 760 (7th Cir.2003) (collecting cases). If he meets that requirement, he then must show that the burden was intentional and not reasonably related to a legitimate penological purpose. Thompson v. Holm, 809 F.3d 376, 379-80 (7th Cir. 2016)

The Seventh Circuit has acknowledged that "[a] central religious practice of the Islamic faith is a sunrise-to-sunset fast during the month of Ramadan." Id. at 378. The court also has held that the denial of meal bags during Ramadan substantially burdens an inmate's free exercise rights. Id. at 380.

The plaintiff asserts that he is Muslim. The plaintiff alleges that for at least three full days—May 18 to 20, 2018—he couldn't participate in the observance of Ramadan, and apparently did not receive meal bags, under Hutchins's order. Specifically, he says that while he was allowed to pass out

meal bags to segregated inmates after he was released from segregation, he didn't get those meal bags himself while *he was in* segregation. The plaintiff does not appear to have eaten during those three days, which resulted in his being, among other things, light-headed and weak. "Forcing an inmate to choose between daily nutrition and religious practice is a substantial burden" on that inmate's religious freedom. Id. The court finds that, at this early stage, the plaintiff has stated a First Amendment free exercise claim against Hutchins.

The court will not allow the plaintiff to proceed against Williams and Grashen on this claim, however. The plaintiff alleges that while Hutchins was a captain, Williams was a sergeant. He says that on May 20—the third day—Williams advised him twice to eat something, because Williams didn't know when the plaintiff would be able to eat given Hutchins's order. The plaintiff does not allege that Williams—whose rank was lower than Hutchins's—had any authority to lift Hutchins's order or do anything about it. The plaintiff alleges that Grashen was a corrections officer—below both Hutchins and Williams in rank—and alleges only that Grashen reported to the plaintiff something he'd heard his supervisor say about why inmates in segregation could not participate in Ramadan. The plaintiff has not alleged sufficient facts to show that Williams and Grashen violated his First Amendment rights.

### 3. *Eighth Amendment Deliberate Indifference Claim*

The plaintiff also alleges that Hutchins "never had a response" about the plaintiff's intake on medication and why the plaintiff didn't get his medication at the right time. "The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one

7

suggests would serve any penological purpose.'" Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011) (quoting Rodriguez v. Plymouth Ambulance Srv., 577 F.3d 816, 828 (7th Cir. 2009)). If prison officials are "deliberately indifferent to prisoners' serious medical needs," id., or they "act with 'deliberate indifference' to a substantial risk of serious harm to an inmate['s]" health or safety, Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citation omitted), then they violate the Constitution. For the plaintiff to state such a claim based on deficient medical care, he must demonstrate 1) an objectively serious medical condition or serious harm 2) that the prison official knows of and disregards. Id. at 834; Arnett, 658 F.3d at 750.

The court assumes that the fact that the plaintiff didn't get his blood pressure medication was an objectively serious harm. The plaintiff says that Hutchins "never had a response" about why he didn't receive his medications in a timely manner. While the plaintiff is not clear, the court will assume, at this early stage, that the plaintiff is alleging that he asked Hutchins for help in getting his blood pressure medication while in segregation, and that Hutchins failed to help him. The court will allow the plaintiff to proceed on an Eighth Amendment deliberate indifference claim against Hutchins.

### III. Conclusion

The court **GRANTS** that the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** the House of Corrections, Williams and Grashen as defendants.

The court **ORDERS** that under an informal service agreement between Milwaukee County and this court, the clerk's office shall electronically send

copies of the plaintiff's complaint and this order to Milwaukee County for service on Captain Hutchins.

The court **ORDERS** that Captain Hutchins must file a responsive pleading to this complaint.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case. Because each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The court advises the plaintiff that if he does not timely file documents and comply with the deadlines the court sets, it may result in the court dismissing his case for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the

parties.

The court **ORDERS** that this case is **RETURNED** to Magistrate Judge Williams E. Duffin for further proceedings.

Dated in Milwaukee, Wisconsin this 5th day of February, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**