UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FREDERICK WAYNE YOUNG, SR.,

    Plaintiff,

v.                                                    Case No. 18-cv-967-pp

BRANDON HUTCHINS,

    Defendant.

---

## ORDER REQUIRING PLAINTIFF TO RESPOND TO DEFENDANT'S MOTION TO COMPEL

---

On June 26, 2018, plaintiff Frederick Wayne Young, Sr., then in custody at the Milwaukee County House of Correction and representing himself, filed a complaint under 42 U.S.C. §1983 alleging violations of his First and Eighth Amendment rights. Dkt. No. 1. The case was assigned to Magistrate Judge William E. Duffin. The plaintiff listed his address as the Milwaukee House of Correction at 8885 S. 68th Street, Franklin, WI 53132. Id. at 1, 7. The plaintiff also listed that address in his request to proceed without prepaying the filing fee. Dkt. No. 2 at 1. Because both sides had not yet had the opportunity to consent to Judge Duffin's authority to issue a final order in the case, this court screened the complaint, and on February 5, 2020, issued an order dismissing some defendants, allowing the plaintiff to proceed on claims against the current defendant, ordering service on the defendant and returning the case to Magistrate Judge Duffin. Dkt. No. 7.

On March 5, 2020, defense counsel filed his notice of appearance, notice of acceptance of service and a magistrate judge consent form. Dkt. Nos. 8–10. The certificate of service for those documents stated that the defendant sent

the documents to the plaintiff by U.S. Mail "to the address on record with the Court," but listed an address 3329 N. 26th Street, Milwaukee, WI 53206. Dkt. No. 11. The defendant also sent his answer to that address. Dkt. No. 12-1. That is not the address the plaintiff listed on the complaint or in his motion for leave to proceed without prepaying the filing fee. The court does not know why, but the clerk's office lists that address on the docket.

On March 6, 2020, the case was reassigned to this court and the court referred the case to Judge Duffin for pretrial matters. Dkt. No. 13. Judge Duffin issued a scheduling order requiring the parties to complete discovery by August 6, 2020, dkt. no. 14, but later granted the defendant's motion to extend that deadline to September 20, 2020, dkt. no. 16. The defendant's certificate of service for the motion for the extension of time stated that the defendant sent it by mail "to the address on record with the Court," but this time listed an address of 949 N. 9th Street, Milwaukee, WI 53233 (the address of the Milwaukee County Jail) and gave a booking number of 2020007592. Dkt. No. 15-1. That address was not listed in any of the plaintiff's pleadings or on the docket.

On October 15, 2020, the defendant moved to compel the plaintiff to respond to the defendant's written discovery requests and to participate in his video deposition or, in the alternative, to dismiss the case for failure to prosecute. Dkt. No. 17. The defendant submitted a brief in support of the motion, in which he explained that on September 16, 2020, while incarcerated at the Milwaukee County Jail, the plaintiff appeared for the video deposition. Id. at 3. During the deposition, the plaintiff stated that he believed he might need an attorney. Id. at 3–4. The plaintiff stated that he had little recollection of the events underlying the complaint because they occurred over two years ago

and he had no paperwork with which to refresh his recollection. Id. at 4. The plaintiff eventually refused to answer questions or provide responses to the defendant's requests for discovery, which the defendant says he had sent months earlier. Id. at 2–4. The certificate of service for the motion to compel and its supporting documents states that the defendant sent it by mail "to the address on record with the Court," which again the defendant listed as 949 N. 9th Street, Milwaukee, WI 53233—the Milwaukee County Jail. Dkt. No. 20.

On October 16, 2020, Judge Duffin entered a text-only order requiring the plaintiff to respond to the defendant's motion by November 5, 2020. Dkt. No. 21. Judge Duffin warned the plaintiff that if he failed to respond or explain why he could not do so by November 5, 2020, the court could dismiss the case under Civil Local Rule 41 for the plaintiff's failure to diligently prosecute it. Id. Judge Duffin stayed the deadlines for completing discovery and filing dispositive motions pending resolution of the defendant's motion. Id. The docket indicates that the text-only order was sent "by other means" to the plaintiff at 3329 N. 26th Street, Milwaukee, WI 53206.

The November 5, 2020 deadline to respond to the defendant's motion has passed, and the plaintiff has not responded. In fact, the court has heard nothing from the plaintiff since July 5, 2018, when it received his magistrate judge consent form. Dkt. No. 6.

Because the plaintiff has not kept the court up to date as to his address, the court does not know whether the plaintiff has received some of the documents from this case—particularly Judge Duffin's October 16, 2020 order. As noted, the June 2018 complaint indicated that the plaintiff was in custody at the Milwaukee County House of Correction. The court checked the inmate locator web site for the Milwaukee County Sheriff's Department—the plaintiff is

3

not currently at the House of Correction or the County Jail. http://www.inmatesearch.mkesheriff.org/. The Wisconsin Department of Corrections inmate locator web site shows that a Frederick W. Young, D.O.C. identification number 00659468, was at the Jail or House of Corrections until September 21, 2020 (five days after the defendant states that the plaintiff appeared for the video deposition), when he was transferred to Dodge Correctional Institution. See https://appsdoc.wi.gov/lop/home.do. The same day, that Frederick W. Young was transferred to the Milwaukee Secure Detention Facility. He remained there until October 7, 2020, when he was sent back to Dodge Correctional Institution, where it appears he remains. Id.

While the court suspects that this Frederick W. Young is the plaintiff, the court has not sent any orders to Dodge Correctional Institution or the Milwaukee Secure Detention Facility and it does not appear the defendant has sent anything to either of those address. The defendant sent his pending motion to compel to the plaintiff in the Milwaukee County Jail on October 15, 2020—nearly a month after the Department of Corrections took custody of the plaintiff. The defendant has not indicated whether any of the mail he sent to the jail was returned as undeliverable.

Because the plaintiff may not have received Judge Duffin's order, he may not be aware of the deadline Judge Duffin set for him to respond to the defendant's motion to compel. The court will deny without prejudice the defendant's alternative motion to dismiss. The court will ask the Clerk of Court to update the plaintiff's address to Dodge Correctional Institution and will send the defendant's motion to compel, dkt. no. 17, the defendant's brief in support, dkt. no. 18, and the defendant's declaration in support, dkt. no. 19, to the plaintiff at Dodge Correctional Institution along with this order. The court will

require the plaintiff to respond to the defendant's motion in time for the court to receive his response by the deadline it sets below; if the plaintiff does not respond by the deadline, the court will dismiss the case for failure to prosecute. See Civil L. R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice.").

The court **ORDERS** that if the plaintiff wishes to oppose the defendant's motion to compel and to proceed with this case, he must file a response to the defendant's motion to compel in time for the court to *receive* the response by the end of the day on **January 8, 2021**. If the court does not receive a response from the plaintiff to the defendant's motion to compel by the end of the day on January 8, 2021, the court will dismiss this case under Civil L. R. 41(c) for failure to diligently prosecute it.

The court advises the plaintiff that if he wants to continue with this case, he must respond to the defendant's discovery requests. If he is not able to answer the defendant's questions, he must say so. The fact that he does not know the answer to the defendant's questions or does not have documents the defendant requests does not mean he may refuse to answer or refuse to participate in discovery. If this case proceeds, the plaintiff also must appear and participate in any video deposition that the defendant reschedules. He must answer the defendant's questions to the best of his ability and may not end the deposition just because he does not know the answer to a question. If the plaintiff believes he needs a lawyer to assist him with the deposition, he may ask the court to recruit counsel for him. The court will review the plaintiff's motion using the criteria explained in the scheduling order. Dkt. No. 14 at 3.

The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to update his address and keep the court advised of his whereabouts may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 23rd day of November, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**