UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FREDERICK WAYNE YOUNG, SR.,

    Plaintiff,

v.                                                              Case No. 18-cv-967-pp

BRANDON HUTCHINS,

    Defendant.

---

**ORDER DISMISSING CASE FOR PLAINTIFF'S FAILURE TO RESPOND TO DEFENDANT'S MOTION TO COMPEL**

---

On June 26, 2018, plaintiff Frederick Wayne Young, Sr., then in custody at the Milwaukee County House of Correction and representing himself, filed a complaint under 42 U.S.C. §1983 alleging violations of his First and Eighth Amendment rights. Dkt. No. 1. The case was assigned to Magistrate Judge William E. Duffin. The plaintiff listed his address as the Milwaukee House of Correction at 8885 S. 68th Street, Franklin, WI 53132. Id. at 1, 7. The plaintiff also listed that address in his request to proceed without prepaying the filing fee. Dkt. No. 2 at 1. Because both sides had not yet had the opportunity to consent to Judge Duffin's authority to issue a final order in the case, this court screened the complaint, and on February 5, 2020, issued an order dismissing some defendants, allowing the plaintiff to proceed on claims against the current defendant, ordering service on the defendant and returning the case to Magistrate Judge Duffin. Dkt. No. 7.

1

On March 5, 2020, defense counsel filed his notice of appearance, notice of acceptance of service and a magistrate judge consent form. Dkt. Nos. 8–10. The certificate of service for those documents stated that the defendant sent the documents to the plaintiff by U.S. Mail "to the address on record with the Court," but listed an address 3329 N. 26th Street, Milwaukee, WI 53206. Dkt. No. 11. The defendant also sent his answer to that address. Dkt. No. 12-1. That is not the address the plaintiff listed on the complaint or in his motion for leave to proceed without prepaying the filing fee. The court does not know why the clerk's office listed that address on the docket.

On March 6, 2020, the case was reassigned to this court and the court referred the case to Judge Duffin for pretrial matters. Dkt. No. 13. Judge Duffin issued a scheduling order requiring the parties to complete discovery by August 6, 2020, dkt. no. 14, but later granted the defendant's motion to extend that deadline to September 20, 2020, dkt. no. 16. The defendant's certificate of service for the motion for the extension of time stated that the defendant sent it by mail "to the address on record with the Court," but this time listed an address of 949 N. 9th Street, Milwaukee, WI 53233 (the address of the Milwaukee County Jail) and gave a booking number of 2020007592. Dkt. No. 15-1. That address was not listed in any of the plaintiff's pleadings or on the docket.

On October 15, 2020, the defendant moved to compel the plaintiff to respond to the defendant's written discovery requests and to participate in his video deposition or, in the alternative, to dismiss the case for failure to

prosecute. Dkt. No. 17. The defendant submitted a brief in support of the motion, in which he explained that on September 16, 2020, while incarcerated at the Milwaukee County Jail, the plaintiff appeared for the video deposition. Id. at 3. During the deposition, the plaintiff stated that he believed he might need an attorney. Id. at 3–4. The plaintiff stated that he had little recollection of the events underlying the complaint because they occurred over two years ago and he had no paperwork with which to refresh his recollection. Id. at 4. The plaintiff eventually refused to answer questions or provide responses to the defendant's requests for discovery, which the defendant says he had sent months earlier. Id. at 2–4. The certificate of service for the motion to compel and its supporting documents states that the defendant sent it by mail "to the address on record with the Court," which again the defendant listed as 949 N. 9th Street, Milwaukee, WI 53233—the Milwaukee County Jail. Dkt. No. 20.

On October 16, 2020, Judge Duffin entered a text-only order requiring the plaintiff to respond to the defendant's motion by November 5, 2020. Dkt. No. 21. Judge Duffin warned the plaintiff that if he failed to respond or explain why he could not do so by November 5, 2020, the court could dismiss the case under Civil Local Rule 41 for the plaintiff's failure to diligently prosecute it. Id. Judge Duffin stayed the deadlines for completing discovery and filing dispositive motions pending resolution of the defendant's motion. Id. The docket indicates that the text-only order was sent "by other means" to the plaintiff at 3329 N. 26th Street, Milwaukee, WI 53206.

The November 5, 2020 deadline to respond to the defendant's motion passed, and the plaintiff had not responded. In fact, as of November 23, 2020, the court had heard nothing from the plaintiff since July 5, 2018, when it received his magistrate judge consent form. Dkt. No. 6.

Because the plaintiff had not kept the court up to date as to his address, the court did not know whether the plaintiff had received some of the documents from this case—particularly Judge Duffin's October 16, 2020 order. As noted, the June 2018 complaint indicated that the plaintiff was in custody at the Milwaukee County House of Correction. In November 2020, the court checked the inmate locator web site for the Milwaukee County Sheriff's Department—the plaintiff was not at the House of Correction or the County Jail as of November 23, 2020. http://www.inmatesearch.mkesheriff.org/. The Wisconsin Department of Corrections inmate locator web site showed at that time that a Frederick W. Young, D.O.C. identification number 00659468, was at the Jail or House of Corrections until September 21, 2020 (five days after the defendant states that the plaintiff appeared for the video deposition), when he was transferred to Dodge Correctional Institution. See https://appsdoc.wi.gov/lop/home.do. The same day, that Frederick W. Young was transferred to the Milwaukee Secure Detention Facility. He remained there until October 7, 2020, when he was sent back to Dodge Correctional Institution. Id. He remained at Dodge until December 30, 2020, when he was transferred to Oshkosh Correctional Institution. Id. The plaintiff has not informed the court of any of these address changes.

4

On November 23, 2020, the court denied without prejudice the defendant's alternative motion to dismiss and asked the Clerk of Court to update the plaintiff's address to Dodge Correctional Institution; it sent the defendant's motion to compel, dkt. no. 17, the defendant's brief in support, dkt. no. 18, and the defendant's declaration in support, dkt. no. 19, to the plaintiff at Dodge Correctional Institution along with its order. The court required the plaintiff to respond to the defendant's motion in time for the court to receive his response by January 8, 2021 and warned him that if he did not respond by the deadline, the court would dismiss the case for failure to prosecute. See Civil L. R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice.").

It is now January 11, 2021, and the court has heard nothing from the plaintiff. While it appears that he was transferred from Dodge to Oshkosh Correctional Institution on December 30, 2020, that was thirty-seven days after the court issued its November 23, 2020 order and nine days before the deadline for him to respond to the motion to compel. At this point, the court still has not heard anything from the plaintiff since July 5, 2018.

The court **ORDERS** that the Clerk of Court will change the defendant's address on the docket to reflect that he now is incarcerated at the Oshkosh Correctional Center.

The court **ORDERS** that this case is **DISMISSED** for the plaintiff's failure to prosecute it. See Civil L.R. 41.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 11th day of January, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**